UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GEORGE HICKEY, JR.,

                Petitioner,                No. 92-CR-80169-DT

vs.                                                  Hon. Gerald E. Rosen

UNITED STATES OF AMERICA,

                Respondent.
_____/

ORDER DENYING PETITIONER'S MOTION FOR RECONSIDERATION

        At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on     April 26, 2007

PRESENT:   Honorable Gerald E. Rosen
                      United States District Judge

On February 15, 2007, the Court entered an Order denying Petitioner George Hickey, Jr.'s Rule 60(b)(5) Motion. In that February 15 Order, the Court found that Petitioner's reliance on *United States v. Gunter*, 462 F.3d 237 (3rd Cir. 2006), was misplaced and explained that in that case, the Third Circuit held only that the district court erred in believing that it was required to calculate Gunter's sentence based upon the 100-to-1 ratio when it sentenced Gunter in 2005: "Post-*Booker*,[1] a sentencing court errs when it believes that it has no discretion to consider the crack/powder cocaine differential incorporated in the Guidelines--but not demanded by 21 U.S.C. § 841(b)--as simply

---

[1] *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738 (2005).

advisory at step three of the post-*Booker* sentencing process (imposing the actual sentence after considering the relevant § 3553(a) factors)." *Id.* at 249.

This matter is now once again before the Court, this time on Petitioner's April 9, 2007 Motion for Reconsideration of the February 15 Order.

Motions for Reconsideration are governed by Eastern District of Michigan Local Rule 7.1(g), which provides, in relevant part:

> **(g) Motions for Rehearing or Reconsideration**.
>
> (1) *Time*. A motion for rehearing or reconsideration must be filed within 10 days after entry of the judgment or order.
>
> * * *
>
> (3) *Grounds*. Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues already ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable error by which the court and the parties have been misled but also show that correcting the defect will result in a different disposition of the case.

Petitioner's Motion for Reconsideration in this case was not timely filed in accordance with the Local Rule. As indicated, the Order denying Petitioner's Rule 60(b)(5) motion was entered on February 15, 2007. Therefore, to have been timely filed, not counting intervening weekends and holidays and allowing three additional days for service of the Order by mail, *see* Fed. R. Civ. P. 6(a), (e), Petitioner's Motion for Reconsideration would have had to have been filed no later than March 5, 2007. However, Hickey did not even place his Motion in the mail until April 4, 2007[2] -- almost

---

[2] *See* Certificate of Service, Petitioner's Motion for Reconsideration, p. 10.

one month too late -- and it was not filed with the Court until April 9, 2007.

However, even if Hickey's Motion were timely filed, he does not satisfy the grounds for granting reconsideration. Although Petitioner is correct that the Court interpreted his Rule 60(b) motion as an attempt to raise a *Booker* challenge to his sentence, he cannot show that correcting the defect will result in a different disposition of the case.

Hickey argues that his objective in seeking Rule 60(b) relief was to persuade the Court that he should be re-sentenced without the 100-to-1 cocaine to crack cocaine ratio set forth in the (now advisory) Sentencing Guidelines because he contends that "a statistical racial survey of inmates incarcerated in Petitioner's Unit" demonstrates that the 100-to-1 ratio is "discriminatory against blacks" and, as Hickey himself is black, his sentencing under the 100-to-1 scheme violated his rights under the Eighth and Fourteenth Amendment.

Hickey's argument lacks legal merit. The Sixth Circuit -- and every other Circuit to have considered the disparate impact/Equal Protection/Eighth Amendment argument -- have consistently held that the 100 to 1 ratio of cocaine to cocaine base (crack) is <u>not</u> racially discriminatory and does not violate the Due Process or Equal Protection clauses of the Fifth or Fourteenth Amendments, or the Eighth Amendment's proscription against cruel and unusual punishment. *See United States v. Reece*, 994 F.2d 277, 278-79 (6th Cir. 1993); *United States v. Williams*, 962 F.2d 1218, 1227-28 (6th Cir.), *cert. denied*, 113 S.Ct. 264 (1992); *United States v. Pickett*, 941 F.2d 411, 418-19 (6th Cir. 1991). *See also*, *United States v. Graciani*, 61 F.3d 70, 77 (1st Cir. 1995); *United States v. Payne*, 63

F.3d 1200, 1212-13 (2nd Cir. 1995); *United States v. Frazier*, 981 F.2d 92 (3rd Cir. 1992), *cert. denied*, 507 U.S. 1010 (1993); *United States v. Thomas,* 900 F.2d 37, 38-40 (4th Cir. 1990), *United Sates v. Chandler*, 996 F.2d 917 (7th Cir. 1993); *United States v. Buckner*, 894 F.2d 975, 978-80 (8th Cir. 1990); *United States v. Malone*, 886 F.2d 1162, 1166 (9th Cir. 1989); *United States v. Colbert*, 894 F.2d 373, 374-75 (10th Cir. 1990); *United States v. Cyrus*, 890 F.2d 1245, 1248 (D.C. Cir. 1989).

For all of the foregoing reasons,

IT IS HEREBY ORDERED that Petitioner's Motion for Reconsideration be, and hereby is, DENIED.

IT IS FURTHER ORDERED that no certificate of appealability should issue for purposes of appeal of this matter.  The Court will also deny Petitioner leave to appeal *in forma pauperis.*

                                           s/Gerald E. Rosen
                                           Gerald E. Rosen
                                           United States District Judge

Dated:  April 26, 2007

I hereby certify that a copy of the foregoing document was served upon counsel of record on April 26, 2007, by electronic and/or ordinary mail.

                                           s/LaShawn R. Saulsberry
                                           Case Manager